**JOHN L. BURRIS, ESQ., SBN 69888**
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
Email: John.Burris@johnburrislaw.com

**PATRICK BUELNA, ESQ., SBN 317043**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Suite 1140,
Oakland, CA 94612
Tel: 510-929-5400
Email: PBuelna@LawyersFTP.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO RODRIGUEZ PACHECO, an individual; A.R, N.R., and G.R., minors by and thru their guardian ad litem, MAYRA VILLASENOR, <br><br> vs. <br><br> CITY OF STOCKTON, a municipal entity; C. KNIGHT, in his individual capacity as a police officer for the Stockton Police Department; and, DOES 1-50, inclusive. <br><br> Defendants. | Case No.: 2:20-CV-01404-TLN-KJN <br><br> FIRST AMENDED COMPLAINT FOR DAMAGES – <br><br> JURY TRIAL DEMANDED |

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

FIRST AMENDED COMPLAINT
- 1

## INTRODUCTION

1. On his way home from work, Plaintiff Gerardo Pacheco was stopped and ticketed by a Stockton police officer for bad registration. After signing his ticket and leaving, Plaintiff parked his car behind his house, when unfamiliar officers stopped him at his house, threw him to the ground and handcuffed him in front of his tearful children.

2. Once in handcuffs and still compliant, Ofc. C. KNIGHT slammed Plaintiff's face on the hood of his patrol car fracturing Plaintiff's face which will require surgery to repair. Fortunately, Plaintiff's family had the foresight to record the interaction with their cell phone and documented this egregious moment on camera. Although the district attorney and officers pressed charges, the criminal court dismissed the charges in the interest of justice because of the egregious misconduct of the Defendant Knight and the officers.

## JURISDICTION

3. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of Stockton, in San Joaquin County, California, which is within this judicial district.

## PARTIES

4. PLAINTIFF GERARDO RODRIGUEZ PACHECO (hereinafter "Plaintiff") is a competent adult and a resident of Stockton, California. Plaintiff is the biological father of minors A.R., N.R. and G.R..

5. PLAINTIFF A.R. is a minor and brings suit by and thru guardian ad litem MAYRA VILLASENOR, and is the biological child of PLAINTIFF PACHECO.

6. PLAINTIFF N.R. is a minor and brings suit by and thru guardian ad litem MAYRA VILLASENOR, and is the biological child of PLAINTIFF PACHECO.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

FIRST AMENDED COMPLAINT
- 2

7. PLAINTIFF G.R. is a minor and brings suit by and thru guardian ad litem MAYRA VILLASENOR, and is the biological child of PLAINTIFF PACHECO.

8. DEFENDANT C. KNIGHT is sued in his individual capacity as a police officer for the Stockton Police Department, and was and at all times herein, was employed as a City of Stockton police officer.

9. DEFENDANT CITY OF STOCKTON (hereinafter "City") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the STOCKTON POLICE Department and its tactics, methods, practices, customs, and usage. At all relevant times, Defendant City was the employer of Defendant DOES 1-50, individually and as peace officers.

10. Plaintiff is ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 25, inclusive. Plaintiff will amend this Complaint to allege said Defendants true names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and believes, and thereon alleges that DOES 1 through 25, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

FIRST AMENDED COMPLAINT
- 3

will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 25, inclusive, when they have been ascertained.

11. Plaintiff is ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named was employed by Defendant City at the time of the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26 through 50 were responsible for the training, supervision and/or conduct of the police officers and/or agents involved in the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26 through 50 was also responsible for and caused the acts and injuries alleged herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

12. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the City of Stockton.

13. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

14. Due to the acts and/or omissions alleged herein, Defendants, and each of them, act as the agent, servant, and employee and/or concert with each of said other Defendants herein.

15. Plaintiffs filed a timely government tort claim on January 28, 2020 for their state causes of action which was rejected by operation of law.

## FACTUAL ALLEGATIONS

16. In the late afternoon of August 8th, Plaintiff Gerardo Rodriguez Pacheco was driving home when he was pulled over by Stockton police a few blocks from his home. Mr. Pacheco was cited for expired registration and released. Mr. Pacheco continued to drive home,

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

FIRST AMENDED COMPLAINT
- 4

and pulled into his driveway. Without warning, several Stockton police officers, including Defendant C. KNIGHT, got out of their car slammed to the Mr. Pacheco to ground while he was taking out his trash. Defendants did not issue verbal warnings or even attempt to gain verbal compliance but immediately resorted to force. Then handcuffed him in front of his children, Claimants A.R. (a minor), G.R. (a minor), and N.R. (a minor). Fortunately, Plaintiff's family had the foresight to record the interaction with their cell phone and documented this egregious moment on camera.

17. After being left in the dirt, Mr. Pacheco was then yanked from the ground and forced towards their patrol car. While still handcuffed and compliant, Defendant C. KNIGHT purposely and maliciously slammed his face into the hood of their cruiser. The impact broke several bones in Plaintiff's face. Now bloodied, Mr. Pacheco was again slammed to the ground and left in the dirt for ten plus minutes. Officers then attempted to convince onlooking family members and his tearful children that they had been justified in their clearly abusive and criminal attacks on an innocent and incapacitated man.

18. Officers tried to coerce his wife into stating that he had been drinking before the incident, which she explained he had not. Another officer then attempted to calm Mr. Pacheco's frightened children that they need not fear the men who just beat and humiliated their father.

19. Afterwards, officers cited Plaintiff for an alleged failure to stop at a stop sign and resisting arrest. However, Plaintiff came to a full stop on his way home after being just stopped and cited by another Stockton police officer. Furthermore, the video recording demonstrates that Mr. Pacheco was compliant and non-resistant. During the incident, the Defendant Officers worked together as a group to assault Mr. Pacheco and offered support to one another by working to cover-up their misdeeds.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

FIRST AMENDED COMPLAINT
- 5

20. As a result of the officer's excessive force, Plaintiff Gerardo Rodriguez Pacheco suffered fracture in his face that will require surgery to repair, and significant lacerations and contusions throughout his body. Mr. Pacheco also suffered other physical injuries, embarrassment, humiliation and emotional distress both from the incident. Mr. Pacheco's children suffered severe emotional distress as they contemporaneously witnessed the brutal beating of their father.

21. Although the district attorney filed charges, the superior court dismissed the charges in the interest of justice due to the egregious misconduct of the involved police officers, including Defendant Knight.

## DAMAGES

22. As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment, Plaintiff was physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

23. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that she is the prevailing parties in this action under 42 U.S.C. §§ 1983 and 1988 and under the Bane Act. Plaintiff is also entitled to punitive damages for the malicious and purposeful violations of the Defendants.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(Against C. KNIGHT and DOES 1-25)*

24. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

FIRST AMENDED COMPLAINT
- 6

25. When Defendant and Does attacked Plaintiff, they had no reasonable suspicion, probable cause and the officers issued no verbal warning to Plaintiff. Plaintiff had committed no crimes. Defendants had no probable cause or even reasonable suspicion to use any force whatsoever against Plaintiff. Therefore, the use of any force, including slamming Plaintiff onto the patrol car while handcuffed, was unlawful and excessive. Defendant and Doe officers conduct were excessive and unreasonable, which violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.

26. As a result of their misconduct, Defendant and Does are liable for Plaintiff's injuries.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Fourth Amendment – Unlawful Detention/Arrest under 42 U.S.C. Section 1983)
*(Against C. KNIGHT and DOES 1-25)*

27. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

28. When Defendant and Does arrested Plaintiff, they had no reasonable suspicion and/or probable cause, and issued no lawful warnings and/or instructions. Furthermore, Plaintiff had not committed any crimes. Therefore, Defendant and Does uses of force, detention and arrest of Plaintiff was an unlawful seizure that violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.

29. As a result of their misconduct, Defendant and Does officers are liable for Plaintiff's injuries and his imprisonment.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (Violation of the Bane Act (Cal. Civ. Code § 52.1))

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

FIRST AMENDED COMPLAINT
- 7

*(Against KNIGHT, CITY of STOCKTON and DOES 1-25)*

30. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

31. Plaintiff brings this "Bane Act" claim individually for direct violation of his own rights.

32. By their conduct described herein, Defendants and Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

   a. Plaintiff's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

   b. Plaintiff's right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

33. Excessive force which violates the Fourth Amendment, also violates the Bane Act.[1] Defendants' use of unlawful force against Plaintiff, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

34. Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.[2] All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none was accidental or merely negligent.

---

[1] *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. May 19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013)).

[2] *Cornell v. City and County of San Francisco*, 17 Cal.App.5th 766, 801-02 (2017) (*review denied*).

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

FIRST AMENDED COMPLAINT
- 8

35. Alternatively, Defendant(s) violated Plaintiff's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

    a. Threatening Plaintiff in the absence of any threat presented by Plaintiff or any justification whatsoever;

    b. Using deliberately reckless and provocative tactics to apprehend Plaintiff in violation of generally accepted law enforcement training and standards, and in violation of Plaintiff's rights;

    c. Defendant striking Plaintiff in the absence of any threat or need for such force;

    d. Threatening violence against Plaintiff, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

    e. Using excessive, unreasonable and unjustified force against Plaintiff while he attempted to comply with the officers;

    f. Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

    g. Violating multiple rights of Plaintiff;

    h. Arresting Plaintiff merely for assembly and speech

37. Defendant STOCKTON is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

38. As a direct and proximate result of Defendant Does' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendants and Does 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

### FOURTH CAUSE OF ACTION
**(Battery – Violation of CALIFORNIA PENAL CODE § 242)**

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

FIRST AMENDED COMPLAINT
- 9

(*Against KNIGHT, CITY of STOCKTON and DOES 1-25*)

39. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

40. Defendant Knight and Does, while working as employees for the STOCKTON police department, and acting within the course and scope of their duties, intentionally injured Plaintiff without a lawful basis.

41. As a result of the actions of the Defendants, Plaintiff suffered physical injuries. Defendants and Does did not have legal justification for using force against Plaintiff, and Defendants' use of force while carrying out their duties was an unreasonable use of force.

42. Defendant STOCKTON is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

43. As a direct and proximate result of Defendants' battery of Plaintiff, Plaintiff sustained injuries and damages, and are entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (Negligence)

(*Against KNIGHT, CITY of STOCKTON and DOES 1-25*)

44. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

45. At all times, Defendants and Does owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

46. At all times, Defendants and Does owed Plaintiff the duty to act with reasonable care.

47. These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

    a. to refrain from using excessive and/or unreasonable force against Plaintiff;

    b. to refrain from unreasonably creating the situation where force, including but not limited to excessive force, is used;

    c. to refrain from abusing their authority granted them by law;

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

FIRST AMENDED COMPLAINT
- 10

    d.    to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

48. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

49. Defendant CITY OF STOCKTON is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

50. As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above.

## SIXTH CAUSE OF ACTION
### (False Imprisonment/Illegal Detention)
*(Against KNIGHT, CITY of STOCKTON and DOES 1-25)*

51. Plaintiff re-alleges and incorporates by reference each and every paragraph of this Complaint.

52. Defendants DOES 1-25 detained and assaulted her without just cause under false pretenses. Defendants restrained, detained, and/or confined Plaintiff without his consent or a lawful basis for a significant period of time.

53. As a result of the Defendant DOES' unlawful confinement, Plaintiff suffered emotional distress and physical injuries.

54. Defendant CITY is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (False Arrest)
*(Against KNIGHT, CITY of STOCKTON and DOES 1-25)*

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

FIRST AMENDED COMPLAINT
- 11

55. Plaintiff re-alleges and incorporates by reference each and every paragraph of this complaint.

56. Defendant Does, while working as employees for the STOCKTON POLICE DEPARTMENT, and acting within the course a scope of their duties, falsely arrested Plaintiff without any reasonable suspicion and/or probable cause.

57. As a result of the actions of these the Defendants, Plaintiff suffered physical injuries and/or emotional distress. Defendants did not have legal justification for using force, arresting and/or detaining.

58. Defendant CITY is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

**EIGHTH CAUSE OF ACTION**
**(Negligent Infliction of Emotional Distress)**
*(Plaintiffs A.R., N.R., G.R. against CITY OF STOCKTON, C. KNIGHT and DOES 1-25)*

59. Plaintiffs re-allege and incorporate by reference each and every paragraph of this Complaint.

60. Defendants' above-described conduct and physical injuries to Plaintiff PACHECO was witnessed by Plaintiffs A.R., N.R., and G.R.. Defendants brutalized minor Plaintiffs' biological father, Plaintiff PACHECO, which each of them saw and heard causing serious emotional distress. Indeed, Plaintiff's children watched Defendant Knight slam their father's face into the hood of the car causing several fractures in his face, and cry out. Plaintiffs are closely-related to Plaintiff PACHECO as they are his biological children.

61. In engaging in the above-described conduct, Defendants' negligence was a substantial factor in causing minor Plaintiffs' serious emotional distress.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**JURY DEMAND**

62. Plaintiffs hereby demands a jury trial in this action.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

FIRST AMENDED COMPLAINT
- 12

# PRAYER

Wherefore, Plaintiffs prays for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages against Defendant C. KNIGHT and DOES 1-25 in a sum of according to proof;
4. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law against Defendant City and its employees;
5. For cost of suit herein incurred; and
6. For such other and further relief as the Court deems just and proper.

Date: August 17, 2020                             Respectfully submitted,

**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**

/s/ Patrick Buelna
PATRICK M. BUELNA
COUNSEL FOR PLAINTIFFS

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

FIRST AMENDED COMPLAINT
- 13